FILED
2018 Jul-31 AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELVIN O. SLAUGHTER, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:18-cv-00709-ACA |
| L.B. FOSTER COMPANY, | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on Defendant L.B. Foster Company's motion to dismiss Plaintiff Kelvin O. Slaughter's complaint (Doc. 6) and motion for sanctions (Doc. 10). L.B. Foster contends that res judicata bars this action and argues that the court should sanction Mr. Slaughter's attorney because the claims that Mr. Slaughter asserts in his complaint have been litigated and decided against him.

For the reasons explained below, the court **GRANTS** the motion to dismiss and **DENIES** the motion for sanctions.

1

# I. STANDARD OF REVIEW

## A. Rule 12(b)(6) Standard

"Res judicata . . . is not a defense under 12(b); it is an affirmative defense that should be raised under Rule 8(c)." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). "Nevertheless a party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." *Id.*; *see also Brown v. One Beacon Ins. Co. Inc.*, 317 F. App'x. 915, 918, (11th Cir. 2009) ("The district court properly dismissed the action under Rule 12(b)(6) as barred by the doctrine of *res judicata*. . . .").

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)).

### B. Rule 11 Standard

A district court may impose sanctions under Rule 11 of the Federal Rules of Civil Procedure "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (internal quotation marks and citation omitted). "The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Id.* at 1302 (internal quotation marks and citation omitted). "[D]istrict courts have broad discretion in imposing Rule 11 sanctions." *Fox v. Acadia State Bank*, 937 F.2d 1566, 1569 (11th Cir. 1991).

## II. BACKGROUND

On July 20, 2015, Mr. Slaughter, a former L.B. Foster employee, filed a lawsuit in this court against the company, asserting Title VII race discrimination and retaliation claims. (Doc. 6-1). On February 24, 2017, the court (Hopkins, J.) granted judgment as matter of law in favor of L.B. Foster and dismissed Mr. Slaughter's claims with prejudice. (Doc. 6-2; Doc. 6-3). Mr. Slaughter did not appeal.

On May 8, 2018, Mr. Slaughter filed his complaint in this case, asserting Title VII and § 1981 race discrimination and Title VII retaliation claims. (Doc. 1).[1] To support his claims in this action, Mr. Slaughter relies on substantially similar facts as he pleaded in the 2015 action. (*Compare* Doc. 1 *with* Doc. 6-1).

**III. DISCUSSION**

As the party asserting res judicata as a defense, L.B. Foster must establish four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013) (internal quotation marks and citation omitted). Under this analysis, the court's (Hopkins, J.) dismissal of Mr. Slaughter's 2015 action bars his new complaint.

In response to L.B. Foster's motion to dismiss, Mr. Slaughter does not contest the second or third elements of the res judicata defense. (*See generally* Doc. 12). The court's (Hopkins, J.) entry of judgment in favor of L.B. Foster and dismissal of Mr. Slaughter's claims in the 2015 action is a final judgment on the merits. *United States v. One Colt Python .357 Cal. Revolver, S/N T03461 W/Holster*, 845 F.2d 287, 289 (11th Cir. 1988) ("The disposition of a case on

---

[1] Ms. Slaughter's complaint in this action references the Fair Labor Standards Act (Doc. 1, pp. 1, 7), but the complaint does not assert a substantive count under this statute.

4

summary judgment grounds represents a final decision on the merits and forecloses subsequent litigation."). In addition, the parties in the 2015 action and this case—namely, Mr. Slaughter and L.B. Foster—are the same. Thus, the second and third elements of res judicata are satisfied.

Mr. Slaughter argues that the first and fourth elements of res judicata are not met because: (1) the court (Hopkins, J.) did not have jurisdiction over the previous case, and (2) he asserts a § 1981 claim in this action that was not part of the previous lawsuit. The court is not persuaded.

As to the first element of res judicata, Mr. Slaughter contends that the court (Hopkins, J.) did not have subject matter jurisdiction over the previous action because the EEOC had not issued a right to sue letter before Mr. Slaughter filed his 2015 lawsuit. Generally speaking, "[b]efore instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). But "the conditions precedent to a Title VII action are not jurisdictional prerequisites, which if not satisfied deprive federal district courts of subject matter jurisdiction." *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982); *see also Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1525 (11th Cir. 1983) ("[A]ll

5

Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements."). Because conditions precedent to a Title VII suit are not jurisdictional, the EEOC's failure to issue a notice of right to sue letter does not affect the court's subject matter jurisdiction. Therefore, the court (Hopkins, J.) had jurisdiction over Mr. Slaughter's 2015 lawsuit.

As to the fourth element of res judicata, in this action, Mr. Slaughter asserts a § 1981 race discrimination claim that he did not assert in the 2015 action. (*Compare* Doc. 1 *with* Doc. 6-1). The difference in the statutory causes of action is immaterial because Mr. Slaughter bases his § 1981 race discrimination claim on the same facts that he asserted in the 2015 action. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, th[en] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990). Moreover, whether viewed through the lens of Title VII or § 1981, the elements of a race discrimination claim are the same. *Brown v. Am. Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991) ("The Supreme Court has held that the test for intentional discrimination in suits under § 1981 is the same as the formulation used in Title VII discriminatory treatment causes.").

In this case, Mr. Slaughter bases his § 1981 claim on his assertion that "[h]e was overlooked for a Supervisory Position although he qualified and scored well on the test, with race as an underlying reason for his inability to obtain the position." (Doc. 12, pp. 4-5). Specifically, Mr. Foster alleges that:

- In 2012, after learning that a vacancy existed for the position of Production Supervisor at L.B. Foster Company, the Plaintiff applied for the position.

- The Plaintiff passed the written examination requirement and scored higher tha[n] any other applicant applying for the position.

- After his interview for the Production Supervisor position, the Plaintiff was informed that he would not be promoted to the position because he lacked a college or technical degree.

- Defendant hired Johnny Sides (Sides) for the position. Sides, a Caucasian male did not possess a college or technical degree. He also lacked the level of experience that Plaintiff possessed.

- Defendant's unlawful discrimination practices by using the Plaintiff's race as a motivating practice in denying the Plaintiff promotion to the position of Production Supervisor, despite the Plaintiff exhibiting higher test scores, and more experience tha[n] the Caucasian hired for the position.

(Doc. 1, ¶¶ 9-12, 26).

In the 2015 action, Mr. Slaughter based his Title VII claim on nearly identical facts. For example, in his 2015 complaint, Mr. Slaughter alleged:

- In 2012, after learning that a vacancy existed for the position of Production Supervisor at Foster, the Plaintiff applied for the position.

- Part of the application process for [] the Production Supervisor position was a requirement that the applicant take a written examination [].

- The Plaintiff not only passed the written examination but also, on information and belief, scored higher than any other applicant applying for the supervisory position.

- The Plaintiff was then given what amounted to a sham interview.

- After his interview in 2012 for the position of Production Supervisor, the Plaintiff was informed that he would not be promoted to the Production Supervisor position because he lacked a college or technical degree.

- Despite informing the Plaintiff that he was passed over for promotion to Production Supervisor for lack of [a] college or technical degree, Foster instead hired Johnny Sides ("Sides") to the Production Supervisor position.

- Sides, a Caucasian male possessed neither a college, nor technical degree.

- In addition, at the time of his hire, Sides lacked the level of experience that the Plaintiff possessed.

- The Plaintiff's race was the sole motivating factor in Foster denying the Plaintiff job advancement opportunities.

- Foster committed unlawful discrimination practices by using the Plaintiff's race as a motivating practice in denying the Plaintiff promotion to the position of Production Supervisor, despite the Plaintiff exhibiting higher test scores, and more experience than the Caucasian hired for the position.

(*See* Doc. 6-1, ¶¶ 5-12, 31-32).

Because Mr. Slaughter's 2015 Title VII discrimination claim and his § 1981 discrimination claim in this action are based on the same set of facts, the 2015 case and this case involve the same claim or causes of action. *See Citibank*, 904 F.2d at 1503; *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000) (later claims based on different legal theories were barred by res judicata because all of the claims arose from a single event).

L.B. Foster has established all four elements of res judicata. Therefore, the court will dismiss this lawsuit.

## IV. CONCLUSION

For the reasons stated above, the court **GRANTS** L.B. Foster's motion to dismiss. (Doc. 6). Although res judicata prevents Mr. Slaughter from re-litigating his claims in this action, because the court will dismiss this case, the court finds that imposition of Rule 11 sanctions is not warranted. Therefore, the court **DENIES** L.B. Foster's motion for sanctions. (Doc. 10).

The court will enter a separate order dismissing this action with prejudice.

**DONE** and **ORDERED** this July 31, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE